# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PHILIP EMIABATA and SYLVIA EMIABATA | ) | 3:19-CV-01507 (KAD) |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION, *et al.* | ) | |
| *Defendants*. | ) | JULY 16, 2020 |

## ORDER OF DISMISSAL

Kari A. Dooley, United States District Judge

This is one of several federal lawsuits filed by the self-represented plaintiffs, Philip and Sylvia Emiabata, (the "Plaintiffs") arising out of the foreclosure on certain real property owned by them located at 508 Evening Grosbeak Drive, Pflugerville, Texas (the "Pflugerville Property") and 4510 Little Hill Circle, Austin, Texas (the "Austin Property") (collectively, the "Properties"). The defendants are various businesses involved in the handling of the Plaintiffs' mortgages and the efforts to foreclose on the Properties—Bank of New York Mellon Trust Company, National Association ("BNY Mellon"), JP Morgan Chase Bank ("JPMC"), Specialized Loan Servicing LLC ("SLS"), NewRez, LLC (f/k/a New Pen Financial, LLC; d/b/a Shellpoint Mortgage Servicing) ("Shellpoint"), Barret Daffin Frappier Turner & Engel, LLP ("Barren Daffin"), and Avail I, LLC ("Avail") (collectively, the "Defendants").[1]  JPMC, SLS, and Shellpoint move to dismiss the Complaint for lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, insufficient service of process, and failure to state a claim upon which relief can be granted. Fed.

---

[1] JPMC and Shellpoint were misidentified in the Complaint. To avoid confusion, the Court uses these entities' correct names.

R. Civ. P. 12(b)(1)–(3), (5)–(6).  Barren Daffin moves to dismiss the Complaint for improper venue. Fed. R. Civ. P. 12(b)(3).  For the reasons set forth herein, the Complaint is dismissed in its entirety.

The Court presumes the parties' familiarity with the allegations in the Complaint and the arguments raised by the parties in their briefs.  The Court applies the well-settled standard of review when considering motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  Through this action, the Plaintiffs challenge the propriety of the handling of their mortgages and the Defendants' conduct as it relates to the foreclosures on the Properties.  The majority of the claims in the Complaint are brought pursuant to state law.  However, to invoke federal question jurisdiction,[2] the Plaintiffs assert claims for: (1) conspiracy to commit fraud, which the Court construes as brought pursuant to 18 U.S.C. § 1349[3] ("Count IX")[4]; (2) violations of the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. §§ 2601–2617, ("RESPA") ("Count IIX" and "Count XIII"); (3) mail and wire fraud, which the Court construes as being advanced pursuant to 18 U.S.C. §§ 1341, 1343 ("Count IIIX"); (5) a violation of an automatic bankruptcy stay ("Count X"); (6) a violation of the civil provisions of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1968, ("RICO") ("Count XII"); and (7) violation of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, ("TILA")  ("Count XIII").  Even after construing the Complaint liberally and in a light most

---

[2] The Plaintiffs cite to a litany of federal statutes as the basis for this Court's subject matter jurisdiction.  It is readily apparent that most of these statutes either do not confer such jurisdiction or are not implicated by the claims asserted in the Complaint.  The Court therefore addresses herein only those causes of action which might give rise to the Court's federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

[3] In Count IX, the Plaintiffs' sole allegation is that "Defendants all engaged in conspiracy scheme to defraud plaintiff of its properties." (Compl. at ¶ 76.)  The Court construes Count IX as asserting a claim for criminal conspiracy in light of the similar claims for criminal mail and wire fraud asserted in Count IIIX and because such a claim, if permissible, would provide a basis for this Court's jurisdiction.  To the extent that the Plaintiffs intended to assert a civil conspiracy claim based on state law, it is dismissed for the same reasons as their other state law claims.

[4] Although the Plaintiffs incorrectly numbered their claims in the Complaint, the Court adopts to the Plaintiffs' numbering scheme to avoid confusion.

favorable to the Plaintiffs, as is required; *Costabile v. N.Y.C. Health & Hosps. Corp.*, 951 F.3d 77, 80 (2d Cir. 2020); the Court concludes that none of these federal claims withstand scrutiny as pled.

First, "'[i]t is a truism' long recognized by federal courts 'that in our federal system crimes are always prosecuted by the Federal Government,' not by private complaints." *Dourlain v. Comm'r of Taxation & Fin.*, 133 Fed. Appx. 765, 767 (2d Cir. 2005) (summary order) (quoting *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86–87 (2d Cir. 1972)); *Sheehy v. Brown*, 335 Fed. Appx. 102, 104 (2d Cir. 2009) (summary order) ("federal criminal statutes do not provide private causes of action"). Accordingly, the Plaintiffs' criminal fraud claims (Count IX and Count IIIX) are dismissed with prejudice for failure to state a claim upon which relief can be granted. *E.g.*, *Hill v. Didio*, 191 Fed. Appx. 13, 14 (2d Cir. 2006) (summary order) (affirming dismissal of claim under federal fraud statute because statute affords no private cause of action); *Pharr v. Evergreen Garden, Inc.*, 123 Fed. Appx. 420, 422 (2d Cir. 2005) (summary order) (same).

The Plaintiffs' remaining federal law claims fail to state plausible claims for relief and further fail to comply with the pleading requirements embodied in Rule 8 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8(a)(2) ("[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief"). The "principal function" of the pleading requirements embodied in Rule 8 "is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Stated another way, Rule 8 requires a plaintiff to "disclose sufficient information to permit the defendant 'to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery.'" *Kittay v. Kornstein*, 230 F. 3d 531, 541 (2d Cir. 2000) (citation omitted). When a complaint does not

comply with Rule 8's requirements, "the court has the power, on its own initiative . . . to dismiss the complaint." *Salahuddin*, 861 F.2d at 42.

Turning to the Complaint, the Court first observes that it is replete with conclusory allegations and accusations of wrongdoing by the Defendants collectively. Interspersed with the conclusory allegations is what appears to be the history of a loan, a mortgage, and the ultimate foreclosure on the Properties, both of which are repeatedly referred to as a "Fraudulent Foreclosure." (*E.g.*, Compl. at ¶¶ 9, 15.) There are exceedingly few factual allegations from which to glean the basis of the causes of action listed and it does not appear that the Plaintiffs made any significant effort to include such specific factual allegations. For example, the Plaintiffs purport to assert claims under RESPA, but the Complaint does not clearly articulate which defendants have violated RESPA, how or when they violated RESPA, or how this purported RESPA violation damaged them. (*See id.* at ¶ 78 ("These Defendants, mortgage fraudsters violate the real estate settlement by their unlawful act or omission[.]").) Similarly, the Plaintiffs have not articulated any factual basis for their TILA claim.[5] (*Id.* at ¶ 98 (alleging only that "Plaintiffs are entitled to monetary and recession/cancellation relief as required by federal law").) The Plaintiffs also claim that "Defendants 1 & 2 knowingly violated the federal protection of Plaintiff properties , [sic] automatic stay"; (*id.* at ¶ 82); but it is unclear from the Complaint who "Defendants 1 & 2" are, which bankruptcy stay was violated,[6] when and how the bankruptcy stay was violated, or why this

---

[5] Even if the Plaintiffs alleged an otherwise plausible TILA claim, JPMC, SLS and Shellpoint are correct that the statute of limitations on any claims under TILA has long since elapsed. "[A] suit for damages under TILA, in connection with a mortgage loan, may not be brought more than one year after entering into that loan." *Latouche v. Wells Fargo Home Mortg. Inc.*, 752 Fed. Appx. 11, 13 (2d Cir. 2018) (summary order); *see also* 15 U.S.C. § 1640(e). The Plaintiffs' claims relate to mortgage loans obtained in 2001 and 2002. (Compl. at ¶¶ 9–10, 34). Thus, the statute of limitations for claims as to either of the Properties expired long before this action was brought in 2019.

[6] Since 2004, the Plaintiffs have filed thirteen voluntary petitions for Chapter 13 bankruptcy in seven jurisdictions, all of which were ultimately dismissed. The Complaint expressly references three bankruptcy proceedings. (Compl. at ¶¶ 2, 7, 47.) Count X appears to relate to a bankruptcy petition purportedly filed "[o]n or about May, 2019," but the Plaintiffs do not provide any information concerning that case or articulate when and how

is the proper forum to bring this claim.[7]  Finally, the Plaintiffs allegations in support of their civil RICO claim are wholly conclusory and fall well short of the standards for stating a plausible civil RICO action.[8]

The question then becomes whether the Plaintiffs should be permitted to amend their complaint to try to cure these significant deficiencies.  Generally, leave to amend should be "freely give[n]."  Fed. R. Civ. P. 15(a)(2); *accord Foman v. Davis*, 371 U.S. 178, 182 (1962).  District courts have discretion, however, to deny leave to amend  for reasons "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."  *Foman*, 371 U.S. at 182.  Here, there is substantial evidence, which derives from this and the many other lawsuits brought by the Plaintiffs, that this action was filed and is being prosecuted in bad faith and for an improper purpose.

As the moving Defendants have noted, the Plaintiffs have a lengthy litigation history in the federal courts.  Indeed, this Court has presided over three other actions brought by the Plaintiffs, each of which were revealed to be improperly brought in this District or otherwise dismissed for failure to comply with court orders.  In *Emiabata v. Seton Healthcare Family*, No. 18-cv-02057 (KAD), Mr. Emiabata brought a medical malpractice claim arising from treatment which occurred in Texas against several defendants who had either no or no recent contacts with this forum (the

---

the Defendants violated the bankruptcy stay in that matter.  (*Id.* at ¶ 7.)  The Court notes that it found no record of the Plaintiffs filing a bankruptcy petition in or about May of 2019, and that the Plaintiffs included a similar allegation with a different date in a prior lawsuit filed against the Defendants in the United States District Court for the District of Massachusetts.  *Emiabata v. The Bank of N.Y. Mellon Trust Co., NA*, No. 18-cv-01571 (MJP), ECF No. 7 at ¶ 7 (W.D. Wash. filed Nov. 28, 2018).

[7] This Court previously advised the Plaintiffs that if the subject property were to be sold in violation of a bankruptcy stay, "the bankruptcy court might be able to provide relief to [him]."  (Order Denying Ex Parte Motion at 3 n.4, ECF 12 (order denying emergency motion for temporary restraining order and preliminary injunction).)

[8] Nor have the Plaintiffs filed a "RICO Case Statement" as required by the Standing Order in Civil RICO Cases for this District.    D. Conn. Local R. at pp. 111–14 (appending standing order), http://www.ctd.uscourts.gov/court-info/local-rules-and-orders.

"medical malpractice action").  *See generally id.* at ECF No. 30, 2020 WL 2128681.  The complaint was dismissed for lack of personal jurisdiction under both state and federal law.  *Id.*  In *Emiabata v. Progressive Insurance Company*, No. 19-cv-01099 (KAD), the Plaintiff attempted to remove a civil action to this Court, a case which he had initiated in the district Court for Travis County, Texas (the "removed action").  This Court, *sua sponte,* remanded the case because the removal was patently frivolous and unauthorized for multiple reasons.  *Id.* at ECF 7 (D. Conn. filed July 19, 2019).  Notably, Mr. Emiabata mailed his removal papers to this Court on the same day that a hearing was scheduled on the defendant's motion in that case for an order declaring Mr. Emiabata a vexatious litigant.  *Id.* at ECF 1 at pp. 21–23 (D. Conn. filed July 18, 2019).  Finally, in *In re: Emiabata*, No. 19-cv-01797 (KAD), Mrs. Emiabata filed an appeal from two decisions of the United States Bankruptcy Court in this District.[9]  However, the appeal was dismissed after repeated failures by Mrs. Emiabata  to comply with the Court's orders, failures which the Court observed were "the product of, at best, indifference, or, at worst, a dilatory motive."  *Id.* at ECF No. 14 at 5 (D. Conn. Feb. 14, 2020) (order denying motion to vacate order of dismissal); *see also id.* at ECF No. 10 (D. Conn. Dec. 20, 2019) (order of dismissal).

Perhaps most relevant here, the Plaintiffs have filed at least five prior federal lawsuits against various of the defendants in this matter concerning one or both properties.  *Emiabata v. The Bank of N.Y. Mellon Trust Co., NA*, No. 18-cv-01571 (MJP) (W.D. Wash. filed Oct. 23, 2018) (both properties); *Emiabata v. The Bank of N.Y. Mellon Trust Co., NA*, No. 17-cv-01101 (SS) (W.D. Tex. filed Nov. 20, 2017) (both properties); *Emiabata v. The Bank of N.Y. Mellon Trust Co., NA*, No. 17-cv-01302 (JLR) (W.D. Wash. filed Aug. 25, 2017) (both properties); *Emiabata v. The Bank of N.Y. Mellon Trust Co., N.A.*, No. 16-cv-07088 (JBG) (N.D. Ill. filed July 8, 2016)

---

[9] Both of the Plaintiffs were debtors in the underlying bankruptcy proceeding but only Mrs. Emiabata filed an appearance in the appeal.

(Pflugerville Property); *Emiabata v. Specialized Loan Serving LLC (SLS)*, No. 15-cv-12225 (RGS) (D. Mass. filed June 5, 2015) (Pflugerville Property).  All of these cases contained similar allegations of malfeasance concerning the handling of the Plaintiffs' mortgages and the foreclosures on the Properties, and all of these cases were ultimately dismissed.  *Emiabata*, No. 18-cv-01571 (MJP), ECF No. 12 (W.D. Wash. Feb. 21, 2019) (dismissed for lack of subject matter jurisdiction, lack of personal jurisdiction, and improper venue); *Emiabata*, No. 17-cv-01101 (SS), ECF No. 5 (W.D. Tex. Feb. 22, 2018) (dismissed for lack of subject matter jurisdiction); *Emiabata*, No. 17-cv-01302 (JLR), ECF No. 7 (W.D. Wash. Oct. 3, 2017) (dismissed for lack of subject matter jurisdiction); *Emiabata*, No. 16-cv-07088 (JBG), ECF No. 6 (N.D. Ill. July 12, 2016) (dismissed for lack of subject matter jurisdiction); *Emiabata*, No. 15-cv-12225 (RGS), ECF No. 26 (D. Mass. Mar. 11, 2016) (dismissed for lack of subject matter jurisdiction).  Indeed, the Plaintiffs acknowledge in the Complaint that two of their prior suits were dismissed, and they provide those dismissals as the basis for filing suit in this District[10]—notwithstanding the fact that Connecticut has no apparent connection to the claims asserted in the Complaint.  (Compl. at ¶¶ 46, 48.)

Although the Plaintiffs claim that Connecticut is the proper forum for this dispute because they currently reside here, the Court doubts the veracity of this representation, and not for the first time.  Another court in this District has previously observed that "[e]vidence in the record suggests that Ms. Emiabata was a Texas resident until at least spring of 2019."  *Emiabata v. Farmers Ins. Corp. Ins. Co*., No. 18-cv-01817 (VAB), 2019 WL 3716513, at *4 n.3 (D. Conn. Aug. 7, 2019).  This Court similarly observed in the medical malpractice action that it has "significant doubt as to

---

[10] Curiously, the Plaintiffs do not reference or acknowledge that their most recent lawsuit, in which they filed a complaint that is virtually identical to the one in the instant case, was also dismissed for lack of subject matter jurisdiction, lack of personal jurisdiction, and improper venue.  *Emiabata*, No. 18-cv-01571 (MJP), ECF No. 12 (W.D. Wash. Feb. 21, 2019).

whether [Mr. Emiabata] was a Connecticut resident at the time this action was filed or is even now." *Emiabata v. Seton Healthcare Family*, No. 18-cv-02057 (KAD), ECF No. 30 at 5 n.3, 2020 WL 2128681, at *3 n.3 (D. Conn. May 5, 2020).[11]  At that time, there was evidence that the Plaintiffs, in fact, continued to reside in Texas, including mailings in this and other pending matters that plainly originated in Texas.  *Id.*  Since then, the Plaintiffs have continued to mail pleadings to the Clerk's Office, and it is apparent that those pleadings were sent from Pflugerville.  *Seton Healthcare Family*, No. 18-cv-02057,  ECF No. 35 at 6 (D. Conn. filed June 8, 2020) (FedEx mailing label listing return address as "508 Evening Grosbeak Drive, Pflugerville, Texas"); *The Bank of N.Y. Mellon*, No. 19-cv-01507, ECF No. 59 at 7 (D. Conn. filed May 26, 2020) (USPS mailing label listing "Pflugerville, Texas" as origin location and referencing "78660" origin number); *Seton Healthcare Family*, No. 18-cv-02057, ECF No. 32 at 11 (D. Conn. filed May 15, 2020) (USPS mailing label listing "Origin: 78660" which is associated with a USPS Office in Pflugerville, Texas); *see also Emiabata v. Farmers Ins. Corp.*, No. 19-2854, ECF No. 50 at 6 (2d Cir. filed June 9, 2020) (USPS mailing label listing "Pflugerville, Texas" as origin location and referencing "78660" origin number).

In addition, the Plaintiffs have made inconsistent representations about where in Connecticut they purportedly reside.  When Mr. Emiabata attempted to remove the Texas action in July of 2019, he attested in the affidavit in support of his motion to proceed *in forma pauperis* that his legal residence was in Pflugerville while simultaneously representing in the notice of removal that he resided in Bridgeport, Connecticut.  *Compare Progressive Ins. Co.*, No. 19-cv-

---

[11] The residence of the Plaintiffs in the prior actions was significant because they were relying upon this Court's diversity jurisdiction for subject matter jurisdiction.  In the medical malpractice action, the Court "accept[ed] for the time being" Mr. Emiabata's representation  that he lived in Connecticut and did not need to explore further the issue in light of the decision to dismiss the complaint for lack of personal jurisdiction over the defendants.  *Seton Healthcare Family*, ECF No. 30 at 5 n.3, 2020 WL 2128681 at *3 n.3.  In the other action, however, the court found that Mrs. Emiabata failed to demonstrate that she resided in Connecticut at the time that the complaint was filed. *Farmers Ins. Corp. Ins. Co.*, 2019 WL 3716513, at *4.

01099 (KAD), ECF No. 2 at 10 (D. Conn. filed July 18, 2019) (affidavit) *with Progressive Ins. Co.*, No. 19-cv-01099 (KAD), ECF No. 1 at ¶ 6 (D. Conn. filed July 18, 2019) (notice of removal). In this and other actions the Plaintiffs have similarly represented that they reside in Bridgeport. *E.g.*, Compl. at ¶ 3; *Seton Healthcare Family*, No. 18-cv-02057, ECF No. 1 at ¶ 4 (D. Conn. filed December 14, 2018); *Farmers Ins. Corp. Ins. Co*., No. 18-cv-01817 (VAB), ECF No. 1 at ¶ I.1 (D. Conn. filed Nov. 8, 2018).   Contrary to these representations, the Plaintiffs have repeatedly listed a mailing address in Naugatuck, Connecticut on their pleadings and mailing envelopes in this and other cases.   *E.g.*, Compl. at p. 3; Compl. Envelope, ECF No. 1-1 (D. Conn. filed Sept. 25, 2019); *see also* Mot. for Transfer at ¶ 3, ECF No. 13 (D. Conn. filed Oct. 7, 2019) (representing the Plaintiffs reside in Naugatuck); *Seton Healthcare Family*, No. 18-cv-02057, ECF No. 35 at p. 5, ¶ 12 (D. Conn. filed June 8, 2020) (affidavit by Mr. Emiabata attesting that he resides in Naugatuck).[12]   In addition, in the medical malpractice action, the Plaintiff initially used a Fairfield mailing address, which is the address for a United Parcel Service ("UPS") store.   *Seton Healthcare Family*, No. 18-cv-02057, ECF No. 1 at p. 14 (D. Conn. filed December 14, 2018); *Farmers Ins. Corp. Ins. Co*., 2019 WL 3716513, at *4 (noting that Mrs. Emiabata provided the same postal address and that it was associated with a UPS store).   Notably, even when the Plaintiffs have listed the Naugatuck and Fairfield addresses as the return address on their mailing envelopes, the mailing labels clearly indicate that the filing was sent from Pflugerville.   *E.g.*, Compl. Envelope, ECF No. 1-1 (D. Conn. filed Sept. 25, 2019); *id.* at ECF No. 59 at 7 (D. Conn. filed May 26, 2020); *Seton*

---

[12] In this action, the Complaint indicates that the Plaintiffs are residents of Bridgeport, but the address beneath Mr. Emiabata's signature on the Complaint is "507 May Street, Naugatuck, Connecticut." (*Compare* Compl. at ¶ 3 *with id.* at p. 33.) This address was again provided when the Plaintiffs sought a change of venue to the New Haven seat of court. (Mot. for Transfer at ¶ 3.) When the Clerk of Court sent orders to this address, however, they were twice returned as undeliverable. Thereafter, on October 11, 2019, the Court, noting the use of different addresses in different pending matters, ordered Mr. Emiabata (the only appearing plaintiff at the time) to file a Notice of Change of Address "forthwith." (ECF 20.) Mr. Emiabata has yet to comply with this Order. However, on December 9, 2019, Mrs. Emiabata filed a *pro se* appearance in which she indicated an address of "570 May Street, Naugatuck, Connecticut." (Plf.'s Notice of Appearance at 1, ECF 28.)

*Healthcare Family*, No. 18-cv-02057, ECF No. 13 at pp. 2, 4 (D. Conn. filed July 18, 2020); *id*. at ECF No. 26 at p. 4 (D. Conn. filed Nov. 6, 2019); *Farmers Ins. Corp. Ins. Co*., No. 18-cv-01817 (VAB), ECF No. 27 at 8 (D. Conn. filed Apr. 15, 2019). This inconsistency between the purported return address and the postmark on the envelope in which a filing has been sent to the Court evinces an effort to deceive the Court as to the Plaintiffs' true residence.

In sum, the weight of the evidence is that the Plaintiffs are not residents of Connecticut as they claim, which, while not implicating the Court's subject matter jurisdiction in this case,[13] bears heavily on the Court's determination that this suit was filed for an improper purpose and is being pursued in bad faith.

Finally, the Court takes notice of the fact that this action was filed on September 25, 2019, six days before the scheduled foreclosure sale of the Pflugerville Property;[14] (Barrett Daffin Mem. at 2 n.1, ECF No. 24; JPMC Mem. at 3 n.3, ECF No. 42; *see* Plf.'s Emergency Mot. at ¶ 5, ECF No. 11); which further suggests that this action was brought for an improper purpose, perhaps in an attempt to thwart the foreclosure sale of the Pflugerville Property.

For all of these reasons, the Court concludes that the Plaintiffs brought this action and are pursuing this action in bad faith and for an improper purpose. Accordingly, the federal claims are dismissed without leave to replead.[15] The Court further concludes that it is appropriate to dismiss these claims as to all Defendants. In so concluding, the Court recognizes that Barren Daffin moved

---

[13] The Plaintiffs have not invoked 28 U.S.C. § 1332 as a basis for this Court's subject matter jurisdiction. (Compl. at ¶ 1.)

[14] Barrett Daffin and JPMC represent that the Austin Property was sold at a foreclosure sale on October 7, 2008. (Barrett Daffin Mem. at 2 n.1, ECF No. 24; JPMC Mem. at 3 n.3, ECF No. 42.) This sale date is consistent with the allegations in the Complaint concerning this property.

[15] After the first motion to dismiss was filed by Barren Daffin, the Plaintiffs filed a motion to amend. (ECF No. 31.) The motion to amend does not cure any of the deficiencies identified in this decision; instead, it merely seeks to add additional factual allegations which post-date the filing of the Complaint. (ECF No. 31-1 (proposed amended complaint).) Because the motion to amend does not cure any of the deficiencies identified in this decision, and because the Court is dismissing the Plaintiffs' federal claims without leave to amend, the motion to amend is denied.

to dismiss the Complaint for improper venue only and that BNY Mellon and Avail have not filed motions to dismiss.[16]  Nonetheless, "[d]istrict courts may dismiss claims for failure to state a claim upon motion or *sua sponte* when the plaintiff has had notice and an opportunity to oppose dismissal."  *Sorenson v. MBI, Inc.*, No. 16-cv-02029 (KAD), 2019 WL 3231762, at *8 (D. Conn. July 18, 2019) (collecting authorities).  The court also has the power to dismiss a complaint "on its own initiative" when the complaint fails to comply with the pleading requirements of Rule 8. *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).  Here, any federal causes of action asserted against Barren Daffin, BNY Mellon, and Avail suffer from the same deficiencies previously identified by JPMC, SLS, and Shellpoint in their motions to dismiss, to which the Plaintiffs did have an opportunity to respond.  In addition, all of the federal causes of action fail to comply with the pleadings requirements of Rule 8 because they do not "disclose sufficient information to permit the defendant 'to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery.'"  *Kittay v. Kornstein*, 230 F. 3d 531, 541 (2d Cir. 2000) (citation omitted).  Under these circumstances, dismissal of the federal causes of action as to Barren Daffin, BNY Mellon, and Avail is also warranted.

The only remaining claims in the Complaint are the Plaintiffs' state law claims.  The Court declines to exercise its supplemental jurisdiction over these claims.  *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 117 (2d Cir. 2013) ("The exercise of supplemental jurisdiction is within the sound discretion of the district court."); *see also* 28 U.S.C. § 1367(c).

**Conclusion**

For the reasons set forth herein, the motions to dismiss filed by JPMC [ECF No. 41], SLS [ECF No. 51], and Shellpoint [ECF No. 53] are GRANTED.  The Complaint is dismissed without

---

[16] Avail has not appeared in this matter.  The Plaintiffs previously filed a motion for default against Avail, which the Court denied because the Plaintiffs failed to establish that Avail had been served.  (ECF No. 37.)

leave to amend.  The motion to dismiss filed by Barren Daffin [ECF No. 23] is found as MOOT

in light of the dismissal of the Complaint.  The Plaintiffs' motion to amend [ECF No. 31] is

DENIED.  The Clerk of Court is directed to close this matter.

**SO ORDERED** at Bridgeport, Connecticut, this 16th day of July 2020.

                          */s/ Kari A. Dooley*
                          KARI A. DOOLEY
                          UNITED STATES DISTRICT JUDGE